# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Cullivan | Civil Action No. 17-00840 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Wal-Mart Stores Inc | By Consent of the Parties |

### MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by defendants, Wal-Mart Stores, Inc. ("Wal-Mart") [Rec. Doc. 21], Plaintiff Evangeline Cullivan's opposition to the motion [Rec. Doc. 27] and Wal-Mart's Reply thereto [Rec. Doc. 33]. For the reasons that follow, the motion for summary judgment will be denied.

### *I. Background*

Plaintiff, Evangeline Cullivan, alleges she was struck by rugs that fell from a shelf at Wal-Mart Store No. 312 in Ville Platte, Louisiana on May 30, 2016. In her August 3, 2017 deposition, Plaintiff testified she was on an aisle displaying area rugs with her two daughters, Jaron Washington and Jillian Toussaint, and a family friend, Ebony Ceasar. *R. 21-3, Cullivan Depo, p. 36:22-25, p. 37:1-4.* After touching one of the area rugs as she was looking through them, several rugs fell on her head and left shoulder. *Id., p. 39:11-20; R. 21-4, Toussaint Depo, p.8:3-15; R. 21-4, Ceasar Depo, p.7:17-20.* There were no other customers on the aisle at the time of the

accident. *R. 21-3, p. 41:22-25, p. 42:1; R. 21-4, p. 7:19-24*; *R. 21-5, p. 7:15-19*; *R. 21-6, p. 8: 5-10*. Further, there were no Wal-Mart employees present on the aisle at the time of the accident. *R. 21-3, p. 48:11-14; R. 21-4, p. 7:25, p. 8:1*; *R. 21-5, p. 7:20-23; R. 21-6, p. 8: 11-12*.

Plaintiff and the three witnesses to the accident all agreed the rugs did not appear to be stacked in an unsafe manner. *R. 21-3, p. 48:1-5; R. 21-4, p. 9:18-21*; *R. 21-5, p. 8:16-24; R. 21-6, p. 8:13-25*. When describing how the rugs were stacked, Plaintiff testified they did not look unsafe and were in a vertical, upright position. *R. 21-3, p.45: 23-25*. Because the bin was not full, the rugs were leaning. *Id. at p. 45: 2-4, p.46: 1-10*. When the first rugs fell, the others started sliding down. *Id. at p. 44:19-22, p. 45:3-4, 11-14, p. 46: 4-5*. Plaintiff stated that the only evidence that Wal-Mart stocked the rugs in an unsafe manner was that "there was no safety bar across the front" of the rug rack. *Id. at p. 48: 6-10*.

On May 1, 2017, Plaintiff filed this action in the Thirteen Judicial District Court, St. Landry Parish, Louisiana seeking to recover for physical pain and suffering, mental anguish, loss of earnings and earning capacity, and medical expenses. *R. 1-2.* On June 29, 2017, Wal-Mart removed the lawsuit to this Court based upon diversity of citizenship. *R. 1.* Plaintiff alleged in her Petition that Wal-Mart's negligence caused the incident, arguing the rugs were displayed in an unsafe

and unsecure manner because there was no "protective bar, holding container, or other protective device" to keep them from falling, thereby presenting an unreasonable risk of harm. *R. 1-2, ¶ 4.*

## II. Legal Standards

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id*. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id*. at 249-50. Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the

allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992). Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims. *Id*. Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

### B. Applicable Law—Merchant Liability

The parties agree that this case is exclusively governed by the Louisiana Merchant Law, La. R.S. 9:2800.6, which sets forth in pertinent part the burden of proof in claims against merchants as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

La. R.S. 9:2800.6(A).

Louisiana jurisprudence has further specified the elements which the plaintiff must prove in order to impose liability in a falling merchandise case. In *Davis v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court held the mere fact that merchandise falls is insufficient to prove a merchant's negligence. *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84 (La. 11/28/00). Rather, the plaintiff bears the burden of proving: (1) he or she did not cause the merchandise to

fall; (2) that another customer did not cause it to fall; and (3) that the merchant's negligence was the cause of the accident, i.e., that either a store employee or another customer placed the merchandise in an unsafe position or otherwise caused the it to be in such a precarious position that eventually it fall. *Id.* at 90. Only when the customer negates the first two possibilities and demonstrates the last will she have proven the existence of an unreasonably dangerous condition on the merchant's premises. *Id.* "Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84, 90 (La. 11/28/00). Thus, Plaintiff must prove she did not cause the rugs to fall and that another customer did not cause them to fall. Only after proving these two elements can she attempt to prove Wal-Mart's negligence was the cause of the accident.

### *III. Analysis*

Wal-Mart contends that Plaintiff did not file a Statement of Contested Material Facts in response to Wal-Mart's Statement of Uncontested Material Facts, and therefore, pursuant to Local Rule, *LR7.3*, Wal-Mart's Statement of Uncontested Material Facts is deemed admitted. Wal-Mart contends the following facts are undisputed:

5

- Plaintiff alleges she was struck by rugs that fell from a shelf on the premises of Wal-Mart in Ville Platte, Louisiana on May 30, 2016.

- Plaintiff concedes she touched at least one rug before the rugs fell on her.

- In addition to Plaintiff, there were three (3) other customers on the aisle at the time of the accident, Jaron Washington, Jillian Toussaint, and Ebony Ceasar.

- There were no Wal-Mart employees present on the aisle at the time of the accident.

- Plaintiff testified that the rugs were in a vertical, upright position. Plaintiff and the three customers who witnessed the accident testified that the rugs were not stacked in an unsafe manner.

- There is no evidence that: (1) Plaintiff did not cause the rugs to fall from the shelf; (2) another customer did not handle the rugs that fell prior to her accident, causing them to be in a precarious position; (3) Wal-Mart or the negligence of any Wal-Mart employee caused the rugs to fall.

In her Opposition, Plaintiff filed a "Statement of Uncontested Material Facts" which stated, "the following material facts are uncontested: 1. The rugs involved in the accident were large and heavy and were stacked vertically on tall high shelves. 2. The rugs were improperly restrained from the danger of falling from the shelves. 3. The rugs were unstable and fell down upon the plaintiff seriously injuring her." *R. 27-1*. Plaintiff's Statements of "uncontested facts" are not fully supported by the evidence. However, Wal-Mart's statements that there is no evidence that Plaintiff did not cause the rugs to fall or that Wal-Mart's negligence caused the rugs to fall are also

6

not fully supported. The only evidence submitted is Plaintiff's testimony stating that she merely "touched" a rug and the rugs began to fall over onto her head and shoulder. Each of the witnesses confirmed there was no restraining device to keep the rugs from falling out of the shelf. Thus, there is circumstantial evidence supporting that Plaintiff only touched the rug before it fell and that Wal-Mart did not have a restraint in front of the rugs.

In *Brungart v. K Mart Corp.*, 668 So.2d 1335, 1343 (La.App. 1 Cir.,1996) the plaintiff was struck by a rug which fell off the shelf as she stood in the aisle of defendant's store. Plaintiff alleged that Kmart had large rugs displayed on shelving that did not have an adequate guard or barrier on the front of the shelf sufficient to prevent the rugs from falling. *Id.* At trial the plaintiff testified that she did not touch any of the rugs on the shelf from which they fell, but moved a rug around on the lower shelf. *Id.* The jury found comparative fault on the part of both the plaintiff and the defendant and the court of appeals affirmed.

In *Stepherson v. Wal-Mart Stores, Inc.*, 785 So.2d 950, 953 (La.App. 2 Cir.,2001) the plaintiff picked up, viewed and replaced a dumbbell weight on a shelf in a Wal-Mart store. After replacing the weight, it fell from the shelf and injured the plaintiff. *Id.* The plaintiff testified that the shelf was approximately chest height and did not have any type of restraining device. *Id.* The appellate court noted that the

practice of a large retail warehouse such as Wal-Mart,

> is to stack and display merchandise so that it is freely accessible to customers who are encouraged to handle and replace the goods. As a consequence of this profitable strategy, injuries from falling merchandise occur. The question presented is how far the storekeeper must go to protect its customers against this consequence of the self-service merchandising system.
>
> The merchant has a duty to safely shelve or display its merchandise to include the foreseeable removal and replacement of the goods by its customers. The store has a responsibility to check the shelves periodically to ensure that the merchandise remains in a safe condition.

*Id. at* 954. The court concluded that because "circumstantial evidence is sufficient to show that a premises hazard existed," the plaintiff had established a prima facie premise hazard, and therefore, the defendant had the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards. *Id. at* 954-955. Ultimately, the court held that the manner in which Wal-Mart stacked and displayed the weights created an unreasonable risk of harm that could have been easily remedied. *Id. at* 956.

### *IV. Conclusion*

Considering the foregoing law and jurisprudence and reading the facts set forth in the depositions in the light most favorable to Plaintiff, the Court finds that a genuine dispute of material fact exists as to whether Plaintiff caused the merchandise to fall by "touching" it and/or whether Wal-Mart's failure to use a restraining device

8

was the cause of the accident. Consequently, the Motion For Summary Judgment filed by defendants, Wal-Mart Stores, Inc. [Rec. Doc. 21] will be denied.

THUS DONE AND SIGNED at Lafayette, Louisiana, March 16, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE